UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUANYONG LIN,<br><br>                      Plaintiff,<br><br>-against-<br><br>TRACY RENAUD, Acting Director of United States Citizenship and Immigration Services; MERRICK GARLAND, Attorney General of the United States; ROBERT COWAN, Director of USCIS National Benefits Center Missouri,<br><br>                      Defendants. | 1:21-CV-4442 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action in which he sues: (1) Tracy Renaud, the Acting Director of United States Citizenship and Immigration Services ("USCIS"); (2) Merrick Garland, the Attorney General of United States; and (3) Robert Cowan, the Director of the National Benefits Center of USCIS. Plaintiff seeks mandamus relief and relief under the Administrative Procedure Act with respect to USCIS's alleged failure to render a decision as to Plaintiff's petition for an alien relative (I-130 petition) that he filed with respect to his wife, Guangcui Zhang.[1] For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1). Under that provision:

---

[1] Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, court submissions must not include an individual's complete date of birth; they must only refer to an individual's birth year. Plaintiff's complaint refers to Guangcui Zhang's complete date of birth. The Court has therefore directed the Clerk of Court to restrict electronic access to the complaint to a "case-participant only" basis.

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. . . .

§ 1391(e)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiff alleges that Renaud's and Garland's offices are located in Washington, D.C., and that Cowan's office is located Lee's Summit, Missouri, but he does not specify where the defendants reside. He also does not specify where a substantial part of the events or omissions giving rise to the claims occurred. But he does specify that he currently resides in Brooklyn, Kings County, which lies in the Eastern District of New York. *See* 28 U.S.C. § 112(c). And it is plain that there is no real property involved in this action.

Plaintiff does not allege any facts showing that this court is proper venue for this action. And the only court that clearly appears to be a proper venue is the Eastern District of New York, the judicial district in which Plaintiff resides. Accordingly, venue lies in the Eastern District of New York, *see* § 1391(e)(1)(C), and the Court therefore transfers this action to the Eastern District of New York, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This order closes this action in this court.[2]

---

[2] The Court defers to the transferee court as to a decision with respect to Plaintiff's application to proceed *in forma pauperis* ("IFP").

2

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 19, 2021
            New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge